UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| KAMIL MEZALKA, | ) |
| Plaintiff, | ) Civil No. 0: 14-11-HRW |
| V. | ) |
| ERIC HOLDER, in his official capacity as the Attorney General of the United States, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kamil Mezalka is an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Mezalka has filed a "petition for declaratory judgment" pursuant to 28 U.S.C. § 2201. [D. E. No. 1] Mezalka has been granted *pauper* status by prior Order of the Court. [D. E. No. 7]

The Court must conduct a preliminary review of Mezalka's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Mezalka's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

I

In his petition, Mezalka alleges that he is a citizen of Poland. Mezalka indicates that he was arrested on April 4, 2011, and was sentenced to a 120-month term of incarceration on January 28, 2013 in "criminal case 3:12-CR-84-J-99-mmh-tem." He further alleges that on April 10, 2013, he applied for a transfer to Poland pursuant to 28 C.F.R. Part 527, a request that the Justice Department denied on November 7, 2013. Mezalka contends that, contrary to the Justice Department's conclusion, he is not a domiciliary in the United States, and is therefore eligible for transfer. Specifically, he argues that he was only temporarily in the United States as a student, and never intended to remain in this country. [D. E. No. 1, pp. 1-3]

To clarify the record, on May 8, 2012, law enforcement officers executed a search warrant at the home where Mezalka was residing in Palm Coast, Florida. Evidence obtained from that search, including statements voluntarily given by Mezalka, resulted in the filing of a criminal complaint charging him with various child pornography offenses under 18 U.S.C. § 2252. On September 27, 2012, Mezalka signed a written agreement to plead guilty to one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) in exchange for the dismissal of the remaining charges. In its sentencing memorandum, the United States asserted that Mezalka was a "an intelligent, 21-year old *naturalized American citizen* who immigrated to this country in 1997." [D. E. No. 37 therein, p. 9 (emphasis added)] Mezalka's objections to the PSR also stated that he "emigrate[d] from Poland at around age 9." [D. E. No. 38 therein, p. 7] On January 28, 2013, Mezalka was sentenced in the middle of the guideline range to a 120-month term of incarceration. *United States v. Mezalka*, No. 3:12-CR-84-MMH-PDB (M.D. Fla. 2012).[1]

---

[1] **Error! Main Document Only.**The Court takes judicial notice of records and information located on government websites because they are self-authenticating under Fed. R. Evid. 902. *Cf. Williams v. Long*, 585 F. Supp. 2d 679,

Mezalka contends that he requested that the Department of Justice transfer him to Poland to serve his sentence "pursuant to 28 C.F.R. Part 527," and argues that he is eligible for such a transfer because he is not a domiciliary of the United States.

II

As a threshold matter, it is unclear whether the Court possesses subject matter jurisdiction to decide the question presented by Mezalka. While he invokes 28 U.S.C. § 2201, the declaratory judgment statute creates a remedy, not a cause of action, and does not provide an independent jurisdictional basis for the Court to decide the question presented by Mezalka. *Cf. Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F. 3d 1329, 1331 (6th Cir. 2008) ("The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. Rather, it provides a remedy available only if the court has jurisdiction from some other source.") (internal citation omitted).

Mezalka himself points to no other jurisdictional basis. However, the Court affords *pro se* pleadings a liberal reading, and will review a claim or ground which may be readily inferred from the pleadings. Although he has provided no documentation supporting this allegation, Mezalka states that the Department of Justice denied his request for a transfer on November 7, 2013. If so, that denial may constitute "final agency action" subject to judicial review under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq* ("APA"). *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. ..."). For purposes of this discussion, the Court assumes that Mezalka would invoke this provision to obtain judicial review.

---

689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008).

The United States permits the transfer of offenders who are citizens of foreign countries to their country of citizenship where a treaty provides for such transfers and where the conduct giving rise to the conviction is criminal in both the sending and receiving jurisdiction. 18 U.S.C. § 4100(a), (b). The Attorney General of the United States is authorized to carry out the provisions of this law. 18 U.S.C. § 4102(1). This authority has been delegated to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96b, who has promulgated regulations to carry out its provisions, 28 C.F.R. 527 Subpart E. A qualified inmate may request such a transfer, and the Department of Justice determines the appropriateness of the requested transfer. 28 C.F.R. § 527.40-.44. These regulations are solely procedural, and contain no substantive rules to guide the exercise of that discretion. *Scalise v. Thornburgh*, 891 F. 2d 640, 645 (7th Cir. 1989); *Wong v. Warden, FCI Raybrook*, 999 F. Supp. 287, 289 (N.D.N.Y. 1998), *aff'd*, 171 F.3d 148 (2d Cir. 1999).

Through this action, Mezalka challenges the Justice Department's conclusion that his transfer was not warranted because, he asserts, he is not a domiciliary of the United States. Mezalka's claim must fail for several reasons. First, his petition lacks several allegations required to state even a colorable claim for relief. He does not allege that there exists a treaty between Poland and the United States which permits the transfer he seeks, nor that his offense conduct is criminal in Poland, nor that the government of Poland has consented to the transfer.[2]

Second, and more fundamentally, the Justice Department's decision is insulated from judicial review under the APA. Section 701(a)(2) excepts "agency action [] committed to agency discretion by law" from the scope of its provisions. Where, as here, the petitioner merely challenges the agency's discretionary interpretation regarding the meaning of statutory terms, as

---

[2] Mezalka does allege that he is a citizen of Poland, although the record in his criminal trial strongly suggests that he is a naturalized United States citizen. Because the record is silent as to whether Poland permits dual nationalities, the Court assumes that his naturalization in the United States did not result in his expatriation from Poland.

4

opposed to a claim of constitutionally impermissible discrimination, review is not available, and this Court lacks jurisdiction to decide the claim. *Bagguley v. Bush*, 953 F. 2d 660 (D.C. Cir. 1991); *Scalise*, 891 F. 2d at 648-49; *Wong*, 999 F. Supp. at 289; *see also Pansing v. Mukasky*, No. 06 Civ. 10214(PAC), 2008 WL 3861222, at *3-4 (S.D.N.Y. 2009). Because the Justice Department's conclusion that he is a domiciliary of the United States within the meaning of the statute is not subject to review under the APA, the Court must dismiss this action for lack of jurisdiction.

Accordingly, **IT IS ORDERED** that:

1. Mezalka's petition for declaratory judgment [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Entered July 8, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge